Martin, J.
delivered the opinion of the court, he plaintiffs and appellants instituted this suit recover a tract of land, which they claim as the widow and heirs of Thomas Randal, deceased.
It appears from the judgment of the district court, which is admitted to contain all the material facts of the case, and is to be taken as part of the statement of facts, that the defendants and appellees claim title to, and hold the property in dispute under a sheriff’s sale, made in virtue of an execution issued on a judgment obtained against Thomas Randal, in his life time, but not executed till after his death.
Perhaps all the proceedings on this judgment, from the issuing of it until the final sale of the property under the execution, were irregular. The land it seems was sold at one year’s credit, and at the expiration of the time of payment, certain persons, as administrators of the estate of the deceased, brought suit against the purchasers, the defendants and appellees in the present suit.
In their answer to the first suit, they opposed the recovery of the price, by pleading a want of *457 title to the property, on account of certain irregularities in the judgment and execution against the deceased, Thomas Randal; and the present plaintiffs now insist on these irregularities, order to entitle themselves to the recovery of land, as having been illegally sold, and the consequent absence of title in the defendants and appellees.
The administrators of Thomas Randal’s estate, now claimed according to their respective rights, by his widow and heirs, having been regularly appointed under the laws of the country, as they then existed, all acts legally performed by them in respect to the estate of the deceased, ought to be considered as valid and binding on his heirs. It was their duty to sue for and recover, if possible, all debts due to the estate, and to pay such debts as he owed. Accordingly suit was brought against the present defendants and appellees as above stated, and they having put in issue the tittle to the land claimed under a sheriff’s sale, made by virtue of an execution which possibly issued illegally, a court of competent authority has decided in favor of the legality of the title by compelling the then and present defendants to pay the price. We are of opinion that the district court was correct in considering the first judgment as conclusive against the present *458 plaintiffs and appellants, and as having the force and effect of a prior judgment, between the same parties, and on the same matter in dispute: for to this end the administrators fairly represented the persons who now claim the estate.
Duncan for the plaintiffs, Turner for the defendants.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.